**SIE ZHI CHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70719.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2008.

Filed Sept. 4, 2008.

Thomas J. Mayer, Esquire, Long Beach, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Los Angeles, CA, Marion E. Guyton, Esquire, Mona Maria Yousif, Esquire, Charles Canter, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: MINER,* Senior Circuit Judge, WARDLAW and BERZON, Circuit Judges.

MEMORANDUM **

Sie Zhi Chang, a Chinese national and Honduran citizen, appeals the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of Chang's application for asylum from and withholding of removal to Honduras and China. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we affirm.

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### 1. HONDURAS

■ To qualify for asylum and withholding of removal, the source of the applicant's alleged persecution must be the government or a group the government is unwilling or unable to control. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1122–23 (9th Cir.2004); *Korablina v. INS*, 158 F.3d 1038, 1045 (9th Cir.1998). The only evidence Chang provided that the Honduran government was unable or unwilling to control his persecutors, local Taiwanese officials, was his testimony that the Taiwanese government provided police cars and equipment to the Honduran police and the two organizations had "very cordial relations, just like brothers." This evidence does not compel the conclusion that the Honduran government was unwilling or unable to control Chang's persecutors. *See Korablina*, 158 F.3d at 1045.

### 2. CHINA

■ Pursuant to 8 U.S.C. § 1158(b)(2)(A)(vi), asylum may not be granted to an applicant who "was firmly resettled in another country prior to arriving in the United States." The IJ found that Chang's Honduran citizenship constituted firm resettlement in Honduras, thereby cutting off Chang's claim for asylum. Chang did not exhaust his resettlement claim and is therefore barred by the doctrine of firm resettlement from asserting a claim for asylum.

Although firm resettlement is not a bar to withholding of removal, *see Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir.2004), we do not have jurisdiction to review Chang's petition for withholding of removal because he failed to exhaust it, *see Bar-*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*ron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).